United States District Court
Central District of Illinois

Bernardo Ramirez-Cruz
   Plaintiff,

        vs.         07-1213

Jerome Zuerchen, et al.,
   Defendants.

MEMORANDUM OPINION AND ORDER

  Before the court are the defendants' dispositive motion [30], the plaintiff's response [46] and the defendants' reply [47].

  In responding to a summary judgment motion, the nonmoving party must present definite, competent evidence to rebut the motion. *Kodl v. Bd. of Educ. Sch. Dist. 45, Villa Park,* 2006 WL 2192014 at *4 (N.D. Ill. 2006), *aff'd*. 490 F.3d 558, 2007 WL 1583989 (7th Cir. 2007). Moreover, when the nonmovant does not respond to the movant's statement of facts, the nonmovant concedes the movant's version of the facts. *Walridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In his response, the plaintiff does not appear to take issue with the facts presented by the defendants in the statement of facts [32]. Instead, the plaintiff's opposition to dismissal or judgment appears to rely essentially on legal arguments. For this reason, along with his failure to refute the asserted facts with competent evidentiary support, the defendant's Statement of Undisputed Facts is accepted as true.

  Undisputed fact number 12 indicates the plaintiff received as punishment a loss of 13 days good conduct credit. In this case, the plaintiff is challenging the procedural due process he received at the disciplinary hearing and his subsequent punishment. The plaintiff lost good time as part of his punishment, so his procedural due process challenges brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1972) are not cognizable, as dictated by a line of Supreme Court cases starting with *Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994). *Heck* held that a suit for damages under Section 1983 challenging an underlying conviction or sentence does not accrue until that conviction or sentence has been invalidated. *Heck at* 512 U.S. at 484-487 (1994). In *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), the Supreme Court extended *Heck* to claims that "necessarily imply the invalidity of the deprivation of [an inmate's] good-time credits," stating that those claims are not cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has been invalidated. Habeas corpus is the proper legal route for challenging loss of good time credits–"good-time credits reduce the length of imprisonment, and habeas corpus is available to challenge the duration as well as the fact of custody." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994), *citing Preiser v. Rodriguez*, 411 U.S. 475 (1973)(other citations omitted). This rule works to prevent the bypassing of habeas requirements.

The court hastens to add that it is not deciding whether the plaintiff states a procedural due process claim regarding the hearing, and it is not deciding whether the plaintiff has a viable habeas action. However, because the plaintiff's penalty involved the duration of his confinement, after he exhausts administrative remedies, the plaintiff, a federal prisoner, must file a petition for a writ of habeas corpus under 28 U.S.C. 2241. At this point, a collateral attack is the only route available to him, as the Court of Appeals held in *Miller v. Indiana Department of Corrections,* 75 F.3d 330 (7th Cir.1996), and the Supreme Court later confirmed in *Edwards v. Balisok,* 520 U.S. 641 (1997). The plaintiff is required to use § 2241 in particular because 28 U.S.C. § 2255, the habeas corpus substitute for federal prisoners, is properly used only for challenges to convictions and sentences, while § 2241 is used for other challenges to the fact or duration of confinement. See generally *Valona v. United States,* 138 F.3d 693, 694 (7th Cir.1998) *Carnine v. United States,* 974 F.2d 924, 927 (7th Cir.1992).

It is therefore ordered:

1. Pursuant to *Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994), *Miller v. Indiana Department of Corrections,* 75 F.3d 330 (7th Cir.1996), and *Edwards v. Balisok,* 520 U.S. 641 (1997), the plaintiff's lawsuit is dismissed, without prejudice. Any remaining matters are rendered moot. The clerk of the court is directed to terminate this lawsuit in its entirety.
2. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).

Enter this 30th day of September 2009.

/s/ Harold A. Baker
_____
Harold A. Baker
United States District Judge